UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:24-CV-00121-GNS-HBB

**SOFIA STINNETT**                                                                                          **PLAINTIFF**

VS.

**W.K.S. FROSTY CORPORATION**                                                               **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's motion for leave to file an amended Answer to Plaintiff's Complaint (DN 13).  Plaintiff filed a Response in opposition at DN 14 and Defendant replied at DN 15.

### Nature of the Case

Plaintiff was employed at Defendant's restaurant in Owensboro, Kentucky (DN 1-1, p. 2). Plaintiff avers that she is a transgender woman, and, as a consequence, was subjected to workplace discrimination (*Id.*).  Plaintiff's Complaint asserts claims under Title VII of the Civil Rights Act of 1964 for discrimination, retaliation, and hostile work environment (*Id.* at pp. 4-6).  She also asserts those claims under the Kentucky Civil Rights Act (*Id.* at pp. 6-9).

### Defendant's Motion

Defendant seeks leave to file an amended Answer to include the affirmative defense of failure to exhaust administrative remedies (DN 13-1).  Specifically, the Defendant contends that it received discovery responses from the Plaintiff which included her prior charge before the Equal Employment Opportunity Commission, and believes that the scope of claims Plaintiff asserts in

the Complaint exceed the claims presented to the EEOC (*Id.* at p. 2). Defendant notes that Plaintiff did not check the box on the EEOC charge for retaliation and asserts the narrative description of the alleged wrongful conduct does not implicate that claim (*Id.*).

Plaintiff's Response

Plaintiff argues the motion should be denied because assertion of an affirmative defense for failure to exhaust administrative remedies would be a futility (DN 14). While she concedes the box for "retaliation" was not checked on the EEOC charge, Plaintiff notes that the written description of the basis for the charge included an allegation that she complained about transphobia and discrimination shortly before being terminated (*Id.* at p. 1). This, Plaintiff argues, is sufficient to establish that retaliation was a component of the discriminatory treatment (*Id.*). Plaintiff cites *Davis v. Sodexho, Cumberland College Cafeteria*, 157 F.3d 460, 463 (6th Cir. 1998), *Farmer v. ARA Services, Inc.*, 660 F.2d 1096 (6th Cir. 1981), *Ang v. Proctor & Gamble Co.*, 932 F.2d 540, 545 (6th Cir. 1991), and *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 832 (6th Cir. 1999) for the proposition that referencing a type of discrimination in the charge, even in a general manner, is sufficient to bring the claim within the EEOC investigation (*Id.* at p. 2).

Defendant's Reply

The Defendant disputes that Plaintiffs statement in the charge that she complained of discrimination shortly before her employment was terminated constitutes an allegation of retaliation (DN 15). Moreover, because Plaintiff was represented by counsel at the EEOC stage, Defendant argues she is not afforded the same degree of latitude in construing her EEOC charge as would a *pro se* complainant (*Id.* at pp. 1-2). Defendant notes that whether a party has failed to exhaust administrative remedies is a jurisdictional matter, which is not an issue presently before

the Court and, Defendant argues, is more appropriately reserved for summary judgment practice following discovery (*Id.* at p. 2).

## Discussion

The scheduling order, DN 11, afforded the Defendant until June 4, 2025, to amend its pleadings. The present motion is timely filed so Fed. R. Civ. P. 15(a)(2) applies. The Rule provides that a party may amend a pleading with the Court's permission, and that the Court "should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). Generally, leave should only be denied on the grounds of undue delay, bad faith, dilatory motive, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, Plaintiff contends the proposed affirmative defense would be a futility.

> The Court need not grant a motion for leave to amend under Rule 15 of the Federal Rules of Civil Procedure if the amendment would be futile. *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005). Futility exists if the proposed amendment could not withstand a Rule 12(b)(6) motion to dismiss. *Id.* While Rule 12(b)(6) motions generally are made with reference to complaints and not affirmative defenses, "the same basic standard applies." *Gore v. El Paso Energy Corp. Long Term Disability Plan*, No. 3:02-1008, 2008 U.S. Dist. LEXIS 9684, 2008 WL 261258, at *6 (M.D. Tenn. Feb. 8, 2008) (citation omitted). "In determining whether to grant a motion to dismiss, all well-pleaded allegations must be taken as true and must be construed most favorably toward the non-movant." *Am. Book Co. v. Consolidated Grp. of Co., Inc.*, No. 3:09-CV-112, 2011 U.S. Dist. LEXIS 665, 2011 WL 11969, *1 (E.D. Tenn. Jan. 4, 2011) (citing *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003)).

*Stratton v. Portfolio Recovery Assocs., LLC*, No. 5:13-147-DCR, 2015 U.S. Dist. LEXIS 148089, at *8 (E.D. Ky. Nov. 2, 2015).

The Defendant seeks to amend its answer to add the affirmative defense that "[o]ne or more of Plaintiff's claims are barred due to failure of Plaintiff to adequately exhaust administrative remedies" (DN 13-2, p. 10). Plaintiff disputes that she did not exhaust her administrative remedies (DN 14). The Court at this juncture, however, is not tasked with deciding who is right—that

presumably will be the subject of a later motion for summary judgment.[1]  "The test for futility, however, does not depend on whether the proposed amendment could potentially be dismissed on a motion for summary judgment; instead, a proposed amendment is futile only if it could not withstand a Rule 12(b)(6) motion dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000).  Evaluation of the Defendant's motion to amend requires the Court to assume that Plaintiff did not adequately assert a claim for retaliation before the EEOC.  If true, then failure to exhaust her administrative remedy could be a viable defense, and assertion of that defense would not be a futility.

**WHEREFORE**, the motion to amend the Answer, DN 13, is **GRANTED**.

H. Brent Brennenstuhl
United States Magistrate Judge

June 26, 2025

Copies:  Counsel

---

[1] "[I]t is usually a sound exercise of discretion to permit [the claim or defense] to be pleaded and allow its merits to be tested before the District Judge." *Fidelity Deposit Co. of Md. v. Amaazz Constr. Grp. LLC*, No. 2:21-CV-4384, 2022 U.S. Dist. LEXIS 103763, at *5 (S.D. Ohio Mar. 3, 2022) (quoting *Jones v. Allen*, No 2:11-CV-380, 2014 U.S. Dist. LEXIS 40536, at *9 (S.D. Ohio Dec. 8, 2014)).